May it please the court Robin Smith for appellant. In this case Mr. Carr pleaded guilty to a total of a 25-year sentence for conspiracy to distribute drugs and possession of a firearm in connection with that distribution. On appeal the he did not he the court did not demonstrate that Mr. Carr understood the nature of the conspiracy charge. Conspiracy is a complex charge and the court did not take much time at all to discuss with Mr. Carr the nature of the conspiracy charge. The elements in his plea agreement he waived his right to I read your brief an argument that the plea waiver was invalid and then the government in its brief made quite a big deal of that a possibly dispositive point and then you did not file a reply brief. What I did was in the initial brief I cited the Blackwell case and in the Blackwell case the court declined to not enter his plea knowing involuntarily. It's cited in the in the initial brief and that's how I address the appellate waiver. Well could you address it now why why is this not a fairly standard case of the kind of appeal waivers that are enforced all the time? Because it's a fundamental aspect of the guilty plea that the defendant understands the nature of the charges against him and Judge McAvoy failed to do that in this case. So I the the waiver should not be enforced where the defendant doesn't understand what he's pleading guilty to and the and the court in Blackwell supports that view. What was lacking in the plea agreement? It's fairly full and complete. He was allocated out of the plea agreement. What was I'm not arguing that the plea agreement itself was insufficient I'm arguing that the district court failed to comply with rule 11 by an open court addressing the defendant and in being sure that he understood the nature of the charges against him and that he was. How could he do that? I mean he had the plea agreement. He allocated him in open court with his counsel present. What did he fail to do that he should have done to establish Mr. Carr's understanding? Rather than just referring to the plea agreement the judge should have made sure that Mr. Carr understood the nature of the conspiracy charge. By asking him more than just the three questions in one. The three questions in one that the judge asked were did you do what the prosecutor said just said you did did you did you have a firearm when you did it and did you did you have a prior conviction for a drug charge? Our position is yes that that is that is problematic because it doesn't it didn't give Mr. Carr an opportunity to truly understand. The district court did not demonstrate that Mr. Carr understood the nature of the conspiracy charge where it's it's not a simple charge. Did he do what the prosecutor said in the prosecutor's recitation of the facts? Was he not guilty of conspiracy? The prosecutor's recitation of the facts was was very summary. It didn't say specifically what Mr. Carr did other than obtain drugs from the New York and Broom County area and sell them in the Bighamton area. It doesn't it doesn't say how who who with the conspiracy charge requires that the defendant engage in this behavior with other people. Didn't the plea agreement list a dozen other people? Yes yes your honor. Yes but rule 11 does not say that the court can rely on rule 11 in demonstrating that the defendant understands the nature of the conspiracy charge. What rule 11 says is that the court must address the defendant personally inform him of the charges and make sure that he understands the nature of the conspiracy charge. Was the conviction interposed? Was the judge told you know my client may not understand this so just why don't you just explain it in extenso? No that didn't happen here that did not happen here um what Mr. Carr should have been what what should have been um sure that Mr. Carr understood was that there was an agreement to commit an unlawful act that the defendant had knowledge of the conspiracy and he intentionally enjoyed um joined the conspiracy. The court did not explain those elements nor were they set forth in the indictment. Therefore the plea proceeding did not establish Carr's guilty plea was knowing and voluntary. If the court doesn't have any further questions I'll reserve time for rebuttal. Thank you. May it please the court Stephen Clymer for the United States. Um the defendant here uh executed a unambiguous waiver provision in his plea agreement. The district court uh asked him questions about that waiver provision and determined that he understood it and he signed it voluntarily um and the defendant has offered no reason why this court should enforce that waiver provision. That should end this case. Even if this court reaches the merits there's a dispositive uh another dispositive problem for the defense um that uh uh they have not addressed and cannot overcome. The defendant because he concedes plain error applies here has to show that but for the claimed errors here he would not have pled guilty. He hasn't alleged much less established that. Um I don't believe that further discussions of merits is necessary. If the court has questions I'm happy to answer that. Otherwise I'll rest on the brief. Ask that the court uh dismiss the case or in the alternative affirm. Thank you. Rebuttal. But for the error the defendant would not have entered the plea. Yes that is the standard that we must um achieve. Um and the the argument is that because the defendant did not understand the nature of the charges that hasn't been established that the court should not um rule that he would have entered the plea if he knew that the charges if he knew that the charges would not have entered the plea. If he if it was demonstrated that he understood the nature of the conspiracy charge. But there was no motion in the district court to withdraw the plea was there? No there was not. And there was no uh effort to reopen this matter in the district court by saying I didn't understand and if I did understand I would not have pled. So I mean there is a mechanism for uh establishing the point uh that uh Mr. Clymer uh says is a prerequisite to relief here. That he didn't do that and I was in his attorney at that time. If there are no... Look at the PSR which is another uh document uh before the sentence was passed on Mr. Carr. He said he agreed with the statement of facts in the PSR. The PSR had an extended uh discourse on the conspiracy in his participation. Yes it... I don't see how you can say that he didn't understand it. I'm saying that the district court didn't demonstrate that he understood at the proceeding. And and that's that's what rule 11 specifically says. That the court must address the defendant personally and make sure he understands the charges. Thank you. Thank you.